Mr. Justice Westcott
delivered the opinion of the court.
This is' a bill by Respondent against appellant, seeking decree’ of divorce a vinculo matrimonii. The divorce is songht upon two grounds, viz.: wilful, -obstinate and continued desertion, and the habitual indulgence of violent and ungovernable temper.
There was a decree of divorce a viyetdo matrimonii as to *52 the husband, respondent here and. the plaintiff below, and as to the wife, the appellant here.and defendant below, the court decreed that it should not be lawful “for said defendant to intermarry with any other man so long as said complainant shall live.”
From this decree defendant takes this appeal.
The first ground of appeal is that the bill is insufficient.
The bill simply alleges in general terms the statutory cause for divorce. We have repeatedly held this to be insufficient.
In addition to the general charge the plaintiff must specify leading facts, or at least some facts upon which the general charge is based. These facts must be so definitely alleged as to apprise the defendant of the nature of the facts to be proved to enable him to prepare his defence, as well as in order that the court may judge whether, the facts being proved, they will support the general charge. (13 Fla., 378; 19 Mo., 351; 4 Jones, 82; 19 Iowa, 34-36.)
We might dispose of this case upon this ground, but we think it proper to examine the evidence and state our general conclusions therefrom, as in the event a case, coming within the statute is clearly shown, it is within the power, of the court to remit the case, with such directions as would enable the plaintiff to put the facts in issue properly.
From a careful examination of the testimony it appears that the wife while sick left the house of the husband with his consent. It also appears that the husband, as he states himself, agreed to call for her and take her home when she “wanted to go horned He visits his wife a few times during .her illness, and then leaves for'Quitman, Ga. Upon his return he does not go Immediately to his wife, and she, with her brother, goes to the house, as she states, to see him, and if the matters could not be arranged^ to remove her little property to her mother’s. During his absence in Quitman and while she was sick he states himself that he
never wrote to her, and that he had no communicatipn with her after he went to Quitman, nor did'he provide even the necessaries of life for her. As to what happened on the day of the removal, between her brother George and her husband, the testimony, is very conflicting. The husband states that her brother threatened him with personal violence, and for this reason he did not go to see his wife, her brother living with her.
It is not necessary to reiterate the testimony of the wife. Before moving her things she went to the house of her husband’s mother to see him. She did not find him. She swears that she was willing to live with him then, and always has been willing.
With an answer in full denial of the bill and the burden* of proof unquestionably upon the plaintiff, we cannot say that the charge of wilful and obstinate desertion is made out. On the contrary, the husband himself admits that he removed his wife to her mother’s while she was unwell; that he left her for weeks without communicating with her;that upon his return he did not go to seedier at once, and that he has since had no communication with her. Threats and abuse by her brdther for his conduct towards his sister are the excuse he gives for having nothing more to do with, his wife. It is unnecessary to give in this connection any general definition of the terms wilful and obstinate as qualifying the desertion, which, by the statute, is a ground of divorce. The husband here carries his wife to her mother^ house while she is indisposed, leaves her there to be provided for by her family, under a promise that he will take her back upon her recovery, goes away to a neighboring town for weeks, has no communication with her, returns but does not go at once to inquire -of her welfare, permits his wife, after such treatment, to r.emove her “things” from the house, makes no explanation of his conduct, seeks no opportunity to do so, and gives as his excuse for his subsequent continued abandonment the fear of her brother. This is no wilful and obstinate desertion of him by her. Ho intent in the mind of the wife to desert is established.
The other ground upon which a divorce is sought is the habitual indulgence oí a violent and ungovernable temper.
We do not propose to insert the testimony upon this subject in this opinion. There is no evidence of a violent temper. It appears from the proof that the husband, upon returning from his daily labor, would request his meals, and that she would frequently in an angry tone of voice tell him to do it himself; that she did not keep his clothes in as' good order as she should have done, and that she frequently washed and boiled the potatoes in the same water. The failure to perform marital duties of this character is not to be commended, but it is not every exhibition of temper or ill humor that justifies a divorce. There is here nothing violent in connection with the acts proved.
We deem it necessary to examine the last ground upon which the reversal of the decree is sought in this case, as in the view we take of the case the decree must be reversed and the bill dismissed.
Decree reversed and bill dismissed.