D. D. BEEKMAN, APPELLANT, v RUTH B. BEEKMAN, AP-
PELLEE.

DIVORCE—ALIMONY—RESIDENCE—DOMICILE OF MINOR—
VIOLENT AND UNGOVERNABLE TEMPER AS GROUND
FOR DIVORCE—CRUEL AND INHUMAN TREATMENT AS
GROUND FOR.

I.    The prerequisite two years residence in this State of the
      complainant to a bill for divorce, as prescribed by law,
      is jurisdictional, and must be both alleged in the bill
      and established by the proofs, otherwise our courts have
      no authority to grant a divorce, except in case of adul-
      tery committed here.

2.    In Florida both males and females are minors until they
      arrive at the age of twenty-one years; and in Florida
      the domicile of the father is the domicile of his minor
      children, and such minors cannot during their minority
      acquire a domicile in Florida while their father's domi-
      cile is in another State, even though the laws of such
      other State may permit minors there to acquire a domi-
      cile independently of that of their father. A female
      minor, whose father is domiciled in another State, upon
      marrying a man whose domicile is in Florida becomes a
      resident of Florida from the date of such marriage.

3.    The mere *intention* to acquire a new domicile, unaccompa-
      nied by an actual removal, avails nothing, neither does
      the fact of removal without the intention avail. The
      *factum et animus* must both exist together.

4.    Indulgence in petulance, or the exhibition of temporary,
      capricious and unjustified irritation and temper, does not
      constitute within the meaning of our statute, the habitual
      indulgence of a violent temper so as to authorize a
      divorce.

5. Divorce on the ground of extreme cruelty should be denied where there is no actual bodily violence, unless the treatment or abuse, or neglect, or bad conduct complained of be of such as damages health, or renders cohabitation intolerable and unsafe, or unless there are threats of mistreatment of such flagrant and violent kind as to cause reasonable and abiding apprehension of bodily violence, so as to render it impracticable to discharge marital duties.

6. Where the wife without just cause abandons the home of the husband, and has no legal status or cause for claiming a divorce, it is error to grant her temporary or permanent alimony, or suit money, or divorce.

This case was decided by Division B.

Appeal from the Circuit Court of Volusia County.

The facts in the case are stated in the opinion of the court.

*Geo. M. Robbins* and *Landis & Fish,* for Appellant.

*Frank W. Pope,* for Appellee.

TAYLOR, J.: On the 20th day of January, 1906, the appellee as complainant below filed her bill in equity in the circuit court of Volusia county, in the seventh judicial circuit, against her husband, the appellant, D. D. Beekman, for divorce *a vinculo,* and for alimony, permanent and *pendente lite,* and for suit money. Various orders were made granting temporary alimony, attorneys' fees, &c. A large amount of testimony was taken, and at the

final hearing a final decree was rendered divorcing the parties *a vinculo*, and awarding the custody of the infant child of the parties to the complainant mother, and requiring the defendant to pay the sum of five dollars per week to the mother for the support of said child. From this final decree the defendant below appeals here. The rendition of the final decree and the order awarding alimony, and the entertainment of the suit on behalf of the complainant are assigned as errors.

At the threshold of this investigation we think it is clear that the circuit court of Volusia county, Florida, had no jurisdiction under the law to entertain this bill for divorce on behalf of the complainant therein at the time that it was filed by her. It appears by the testimony in the cause, that the parties were married to each other at Home City, in the State of Ohio, on the 15th day of June, 1904; that being the domicile and home of the complainant's father and mother, with whom she resided up to the time of her marriage with the defendant. That she came to Florida in December, 1903, with her mother as a tourist visitor and here met the defendant and entered into a marriage engagement with him on or about January 15th, 1904, at which time she was but twenty years of age, and, she testified, that she at that time determined to make Daytona, Florida, her permanent home.

Section 1478 of the Revised Statutes of Florida, as amended by chapter 4726, laws of 1899, in force at the time of these proceedings, provides as follows: "In order to obtain a divorce the complainant must have resided two years in the state of Florida before filing the bill, except where the defendant has been guilty of the act of adultery in this state, then any citizen of this state may obtain

divorce at any time, and the two years' residence shall not be required of such complainant." There is no charge of adultery in this bill—the only grounds alleged being cruel and inhuman treatment and display of violent and ungovernable temper. The prerequisite two years' residence in this state of the complainant to bill for divorce has existed as the law in this state since the year 1853. See chapter 522 laws of Florida of 1853. And in passing upon it in several cases this court has uniformly held that such prerequisite two years' residence in this state was jurisdictional, and that our courts have no authority to grant a divorce unless such residence was both alleged in the bill and established by the proofs. Phelan v. Phelan, 12 Fla. 449; Miller v. Miller 33 Fla. 453, 15 South. Rep. 222; Gredler v. Gredler, 36 Fla. 372, 18 South. Rep. 762; Donnelly v. Donnelly, 39 Fla. 229, 22 South Rep. 648. Under the facts as disclosed by the record here the complainant had not been a resident of Florida for two years next prior to the filing of her bill on January 20th, 1906. She did not become a resident of Florida until after the date of her marriage to the defendant on June 15th 1904, when she came here with him as his wife. Prior to that date she was a minor and a member of her father's family, whose domicile was in the state of Ohio, and whether or not the laws of Ohio permit a female over the age of eighteen but under the age of twenty-one to make choice in *that* state of her own domicile, regardless of the domicile of her father, such law can have no applicability in this state when a minor under the age of twenty-one years undertakes to adopt a domicile in Florida away from the domicile of her living father located in the state of Ohio. Under

the laws of Florida the domicile of the father is the domi cile of his minor children and such minors are incapable in Florida of making choice of a domicile here independently of the domicile of their fathers, and such disability continues here with all minors, be they male or female, until they arrive at the age of twenty-one years. Potinger v. Wightman, 3 Mer. 67; Forbes v. Forbes, Key. 341; Somerville v. Somerville, 5 Ves. Jr., 750; Paxton v. Macreight, 30 L. R. Ch. Div. 165; Sharp v. Crispin, L. R. 1 P. & D. 611; School Directors v. James, 2 Watts & S. (Pa.) 568; Taylor's International Public Law, p. 250.

But besides this the mere intention to acquire a new domicile unaccompanied by an actual removal, avails nothing, neither does the fact of removal without the intention avail. The *factum et animus* must both exist together. Smith and Armstead v. Croom, 7 Fla. 81. Upon the coming in of the proofs showing this status of the complainant wife the court below erred in rendering the final decree herein, but instead should have dismissed the bill. Aside from this, we do not think that the proofs in this case justified the granting of a divorce between the parties, or that there was sufficiently established any just or legal cause for the abandonment by the complainant wife of her husband and his home, and consequently that the decrees granting alimony to her were also erroneous. The bill seeks the divorce upon the ground of cruel and inhuman treatment and the display of violent and ungovernable temper by the defendant husband. In the case of Crawford v. Crawford, 17 Fla. 180, this court has said: "Indulgence in petulance, or the exhibition of temporary capricious and unjustified irritation and temper, does not

constitute, within the meaning of the statute, the habitual indulgence of a violent temper." In its worse aspects the proofs offered here to establish the charge of habitual indulgence of violent and ungovernable temper, shows only an occasional indulgence in petulance, or the exhibition of temporary capricious and unjustified irritation and temper, but when the evidence of the defendant husband is considered as opposed to that of the complainant wife, who is unsupported practically by any other proof, he was in large measure excused, if not wholly justified, in the temporary display of temper shown, by the conduct of the complainant wife.

As to the allegation of extreme cruelty this court has said in the case of Palmer v. Palmer, 26 Fla. 215, 7 South. Rep. 864, that: "Divorce on the ground of extreme cruelty will be denied, where there is no actual bodily violence, unless the treatment, or abuse, or neglect, or bad conduct complained of be such as damages health, or renders cohabitation intolerable and unsafe, or unless there are threats of mistreatment of such flagrant kind as to cause reasonable and abiding apprehension of bodily violence, so as to render it impracticable to discharge marital duties." The proofs in this case fall far short of making a case falling within these requirements of the law. Donald v. Donald, 21 Fla. 571.

From what has been said it follows that the final decree appealed from in said cause and all prior interlocutory decrees therein must be and are hereby reversed and the cause remanded with directions to dismiss the complain-

ant's bill. The cost of this appeal to be taxed against the husband appellant.

HOCKER and PARKHILL, JJ., concur;

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.