EMMA L. PRALL, *Appellant,* v. JOHN M. PRALL, *Appellee*

DIVORCE—UNGOVERNABLE TEMPER AS GROUNDS FOR—WHAT BILL MUST ALLEGE.

A bill for divorce on the ground of violent and ungovernable temper must allege something more than the words of the statute, it must state facts from which the court can judge whether they constitute a case of the existence of such temper. Occasional outbursts of passion, petulance, readiness to anger, frequent and unreasonable complaints, though made in a loud voice, boisterous manner, if these are only calculated to render the regulations between the parties unpleasant and disagreeable, or simply unhappy, do not furnish sufficient cause for divorce.

This case was decided by Division B.

Writ of Error to the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*M. G. Gibbons,* for appellant.

*F. M. Simonton,* for appellee.

TAYLOR, J.—The appellee, as complainant below, filed his bill for divorce against the appellant as defendant below, in the Circuit Court of Hillsborough County, alleging therein as follows:

"That on the 3rd day of April, A. D. 1895, at Fort Dodge, Iowa, your orator was united in lawful marriage with Emma L. Prall, who is hereby made party respondent, and that the said relation still subsists. That during the course of their married life this complainant has at all times conducted himself as a faithful and dutiful husband, administering to the wants of the said respondent as well as his circumstances and condition in life would permit. That for a number of years after their said marriage complainant lived with the defendant at Fort Dodge, Iowa, until something over two years ago, when complainant with the defendant moved to Fort Myers, Florida, where they have since resided. That sometime before complainant and the defendant removed to Florida, the defendant seemed to grow tired of her condition in life and surroundings, having become very irritable, quarrelsome and otherwise disaffectionate to complainant, continually finding fault with your orator, until upon her suggestion complainant disposed of practically all of his property, consisting of a farm, etc., in the State of Iowa, and removed to Florida, with the hope that the said defendant might become better satisfied with her condition in life, but on the contrary matters grew worse, the defendant on divers occasions indulging in outbursts of temper abusing your orator unmercifully until on or about the 10th day of October, A. D. 1907, complainant's life became a burden instead of a pleasure at which time he left his home and has never returned. All of which actings, doings, and pretense on the part of the said respondent are contrary to equity and tend to

the manifest wrong, injury and oppression of this complainant. Wherefore, complainant charges the defendant with having been guilty of an indulgence of a violent and ungovernable temper towards your orator, wherefore complainant prays that the court will take cognizance of his complaint and will in the final adjudication of this cause grant unto complainant a decree of divorce from the said respondent, forever releasing him from the bonds of matrimony that have heretofore bound him to the said respondent, and that the court will grant unto him such other and further relief in the premises as the nature of the case may require and may be agreeable to equity and good conscience."

The defendant filed an answer in which she admitted the marriage and the two years residence in Florida, but neither admitted or denied the allegations of the indulgence on her part of a violent and ungovernable temper towards complainant, but demanded strict proof thereof. The cause was referred to a master who took the testimony of the complainant alone and reported the same to the court, which evidence was as follows: "Before we removed to Florida, which was something over two years ago, my wife became very quarrelsome and irritable, continually finding fault with everything I did, it seemed that nothing I could do for her would please her, until she finally took a notion that she wanted to move to Florida and join the "Unity" near Fort Myers, of which Dr. Tweed is the head, and thinking that this might pacify her and that she might be better satisfied, I sold out and moved. After the removal matters grew worse instead of better. My wife continually displayed a violent and ungovernable temper towards me, until on or about the 15th day of October, without any provocation whatever my wife flew into a violent rage of

temper, abusing me for everything imaginable. I then turned over all my property to her which she put into the "Unity," which is a common fund for them all, that she might be properly provided for. I then left and came to Tampa where I secured employment and have since remained. My home had become such, on account of my wife's display of temper, that my life was a burden to me. I lived with her until I became fully convinced that I could stand it no longer. I at all times treated her with kindness and affection, providing for her the best my circumstances and condition in life would permit."

Upon this bill and this evidence the court granted a final decree of divorce *a vinculo,* and from this decree the defendant wife appeals, assigning the said decree as error.

In Hickson v. Hickson, 54 Fla. 556, 45 South. Rep. 474, we held that where a divorce is sought on the ground of habitual indulgence by the defendant in violent or ungovernable temper, allegations of facts showing such conduct towards the other consort as is calculated to cause merely great humiliation, mental anguish, unhappiness, inconvenience, financial loss, estrangement of family ties, loss of friends, separation of members of the family, or the like, are not sufficient to warrant a divorce, when it does not appear that the performance of the marital duties is thereby rendered impracticable. And in Palmer v. Palmer, 26 Fla. 215, 7 South. Rep. 864, it was held that occasional outbursts of passion, petulance, readiness to anger, frequent and unreasonable complaints, though made in a loud voice, boisterous manner if these are only calculated to render the relations between the parties unpleasant and disagreeable or simply unhappy, do not furnish sufficient cause for divorce.

In Johnson v. Johnson, 23 Fla. 413, 2 South. Rep. 834, it was held that a bill for divorce on the ground of violent and ungovernable temper must allege something more than the words of the statute, it must state facts from which the court can judge whether they constitute a case of the existence of such temper, and it should further allege that the indulgence of such temper was towards the complainant. Crawford v. Crawford, 17 Fla. 180. Tested by these rules the bill in this case was wholly insufficient to warrant the grant of a divorce thereon, and the evidence in support thereof was likewise insufficient to warrant such decree.

The decree of the court below in said cause is, therefore, hereby reversed at the cost of the appellee, and the cause remanded with directions to dismiss the bill.

Hocker and Parkhill, JJ., concur.

Shackleford, C. J., and Cockrell and Whitfield, JJ., concur in the opinion.