MITCHELL FORD, *Appellant*, v. PHILLIS FORD, *Appellee*.

In a suit for divorce, where the sworn answer denies the material alegations of the bill, to justify a decree of divorce the an-

swer must be overcome by two witnesses, or by one witness and corroborating circumstances.

Appealed from the Circuit Court for Palm Beach County.

The facts in the case are stated in the opinion of the court.

*Currie & Carmichael,* for Appellee;

*W. I. Metcalf,* for Appellee.

Hocker, J.—Appellee filed a bill for divorce from her husband, the appellant, in the Circuit Court of Palm Beach County, alleging the jurisdictional facts, and as a ground for divorce, that appellee, owing to his extreme cruelty and violent and ungovernable temper towards her, refused to longer live with appellant; that in November, 1909, he struck her with his hand, calling her a whore and other opprobrious epithets to tantalize her and make her life a burden. She also charges that appellant committed adultery, naming the woman and the time. Appellee also alleges that she has been a faithful wife and has never given him any just cause for his conduct. The answer, which is under oath, the oath not having been waived, denies every material allegation of the bill as to cruelty, adultery, etc.

The parties to this suit are of the negro race, and the testimony of the witnesses, as well as their own, shows that they have never put into practice in their marital relations those charitable and loving precepts which are enjoined by the Savior of the world. Some of the acts of

cruelty testified to by the appellee, but not alleged in the bill, are too scandalously indecent to be mentioned in this opinion. In these statements the appellee was not sustained by a single witness, and the facts are denied by appellant. It is entirely probable that if appellant had been guilty of the acts alleged by appellee, she would have raised such a hullabaloo as would have attracted the attention of the neighbors, for these things are alleged to have occurred in the town, with near neighbors around them. Several neighbors were examined as witnesses, but none of them corroborated the appellee. Some of them heard some quarrelling between the parties, but no outcries such as would almost necessarily have occurred if appellee had been subjected to the *"explanation,"* as she called it which appellant is alleged by her to have inflicted upon her, and which she says laid her up for a month, and necessitated an abundant application of water and grease.

It appears that appellee owns the lot and two houses in which these parties live separately from each other, their intercourse for a year or more being chiefly an exchange of incivilities, all of which appellant says he did what he could to prevent.

Upon the hearing the Circuit Judge granted the appellee the divorce, which she prayed, attorneys' fees and costs. An appeal was taken from this decree.

Under the well-settled practice in divorce cases, and under the law of divorce as we understand it, we do not think appellee was entitled to a divorce or attorneys' fees. Not only is the bill very meagre in its allegations, but we think the sworn answer is not overcome by two witnesses, or by one witness and corroborating circumstances.

Beekman v. Beekman, 53 Fla. 858, 43 South. Rep. 923; Pinney v. Pinney, 46 Fla. 559, 35 South. Rep. 95.

The decree is reversed with directions to dismiss the bill.

WHITFIELD, C. J., and TAYLOR, SHACKLEFORD and COCKRELL, J. J., concur.