ROBERT J. W. TAYLOR, *Appellant,* v. ETHEL L. TAYLOR, *Appellee.*

1. Where a divorce is sought on the statutory ground of habitual indulgence by the defendant in violent or ungovernable temper, it is essential that the bill of complaint contain allegations of facts to show such habitual indulgence by the defendant in violent or ungovernable temper exhibited directly towards the complainant, as that its frequency, violence and results affect injuriously the safety, health or personal comfort of the complainant to such an extent as to make the performance of the marital duties impracticable.

2. Where a divorce is sought on the ground of habitual indulgence by the defendant in violent or ungovernable temper, allegations of facts showing such conduct towards the other consort as is calculated to cause merely great humiliation, mental anguish, unhappiness, inconvenience, financial loss, estrangement of family ties, loss of friends, separation of members of the family or the like are not sufficient to warrant a divorce when it does not appear that the performance of the marital duties is thereby rendered impracticable.

3. Allegations that the defendant wife is indifferent to the complainant husband; that she shows by her conduct and manner a lack of affection for him; that she would without provocation habitually quarrel with complainant about trivial matters so as to annoy others living in the same house; and that the defendant had in other stated similar ways so acted as to affect complainant's health and happiness, do not show facts and natural consequences that render a continuance of the marital relation impracticable.

4. In the absence of an allegation that the defendant in a divorce suit did not appear therein, an allegation of a supposed defect in the constructive service made on the defendant by publication, does not show the decree in the cause to be void for want of jurisdiction of the defendant.

Appealed from the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*H. S. Hampton*, for Appellant;

*McMullen & McMullen*, for Appellee.

WHITFIELD, C. J.—The amended bill of complaint herein is as follows:

"Now comes Robert J. W. Taylor, by his solicitor, H. S. Hampton, and files this his amended bill of complaint against Ethel L. Taylor, and thereupon your orator complains and says:

That he is now and has been for more than two years last past a resident and citizen of the County of Hillsborough and State of Florida, and on the 19th day of July, A. D. 1910, was married to the defendant, and from that time until the time hereinafter mentioned lived and cohabited with the defendant as her husband, and endeavored to be a kind and affectionate husband to her.

That since their said marriage your orator and the defendant have lived and resided in Hillsborough County, Florida.

Your orator further represents that in spite of the foregoing facts, for several months prior to the time hereinafter mentioned, the said defendant had begun to be indifferent to your orator and showed by her conduct and manner an utter lack of affection for him, and has been guilty of habitual indulgence in violent and ungovernable temper and violent sallies of passion; that she would without provocation habitually quarrel with your orator about the most trivial circumstances, and at such times would make life a burden to him, frequently continuing her quarrelling after they had retired, so that persons

living in the house with your orator and the defendant were annoyed and disturbed and made complaint.

Your orator further represents that as early as the month of January, A. D. 1911, on one occasion the defendant came to the office where your orator was working and insisted that your orator when he left his said office to proceed to the Council Chambers in the City of St. Petersburg, where the parties were living, that he should leave his desk open, which your orator declined to do, as the said desk contained papers and data in reference to the private affairs of other persons; that thereupon in a fit of rage the said defendant threw a pack of cards in your orator's face, and as he left the said office continued to follow him publicly down the street, attracting the attention of passers by by her manner and by her continued loud talking and quarrelling with your orator; that this conduct greatly humiliated your orator, but he bore it in order to avoid scandal; that on one occasion in the month of February, without provocation, the defendant began to quarrel with and abuse your orator, and her conduct was so bad and her tone of voice so loud that the attention of a neighbor was attracted, who has since told your orator he stopped in front of the house fearing that there might be something wrong in the house.

Your orator further represents on another occasion, in the month of March, A. D. 1911, the defendant, without provocation, simply because your orator would not give her certain tickets to attend an entertainment, became very abusive and quarreled with your orator, and her conduct was so bad at the time that the attention of other people was attracted to him and the disgraceful position in which she had placed your orator.

Your orator further represents that it was a habit of the defendant, upon the slightest provocation, to quarrel

with and abuse your orator, and her conduct so distressed. your orator that it affected his health, in that your orator could not sleep at night, and in an effort to try and better conditions, your orator ceased to occupy a room with the defendant and procured another room in the month of April, but that the defendant's conduct did not improve.

Your orator further represents that life with the defendant is unbearable by reason of the foregoing facts, and therefore, your orator has stated to the defendant that he could not live with her, and the defendant requested your orator, in the month of July, to permit her to visit her relatives in the State of Connecticut, to which your orator consented, as he believed they could not live in peace together, and the defendant is now in the City of New Haven, Connecticut.

Your orator further represents that the foregoing are some of the instances of the defendant's bad conduct, but that, as a general rule, she would quarrel with and abuse your orator whenever he was around the house; and the indulgence in violent sallies of passion and abusing your orator, without provocation, causing him great unhappiness, and her ill-will and dislike of your orator and her fits of ungovernable temper directed at him affected the health and happiness of your orator so that life was an intolerable burden.

Your orator further represents that in addition to the foregoing he alleges and charges that at the time of his marriage with the defendant she had a husband, and had not procured a legal divorce or decree dissolving the bond of matrimony; that her said husband was Archibald F. Stebbing; that this fact was not known to your orator until just previous to the filing of the bill of complaint; that the defendant prior to her marriage first told your

orator she was a widow, and latter, in response to questions just before their marriage, acknowledged to your orator that her husband was living, but stated that she had been lawfully divorced, which fact your orator believed, and did not question her statement until just previous to the filing of this bill of complaint, as your orator at said time loved the defendant and believed any statement made by her.

Your orator further represents that although the defendant did attempt to get a divorce in Hillsborough County, Florida, the said Circuit Court did not have jurisdiction over the defendant, Archibald F. Stebbing, because the parties were not married in the State of Florida, nor was the said Archibald F. Stebbing at any time before or since his marriage a ctiizen or resident of the State of Florida; and, further, that service was attempted to be obtained on said Archibald F. Stebbing in said divorce suit by publication of notice thereof, that under and by virtue of the law in force the complainant was required in a sworn bill to state, among other things, that there was no person in the State of Florida, the service of a subpoena upon whom would bind the defendant, which fact was not done, nor does such averment appear in the bill or affidavit in said cause, by means whereof the said Circuit Court of Hillsborough County, Florida, had no jurisdiction to entertain said action.

The premises considered, your orator prays:

1st. That the said Ethel L. Taylor, who is made a party defendant to the bill of complaint, may be decreed to answer the same, but not under oath, answer under oath being hereby waived.

2nd. That upon the final hearing the bond of matrimony existing between your orator and the defendant

may be declared to be null and void and the respective parties freed from the obligations thereof.

3rd. That your orator may have such other and further relief in the premises as may be agreeable to equity and as the circumstances of the case may justify and warrant.

4th. That a writ of subpoena do issue therein commanding the said Ethel L. Taylor, upon a day to be therein named and limited to be and appear before this Honorable Court, and then and there full, true and perfect answer make to all and singular the allegations in this bill contained, and, further; to stand to, abide by and perform such other and further order in the premises as may be proper."

A demurrer to the bill of complaint was sustained and the bill dismissed. Complainant appealed.

Where a divorce is sought on the statutory ground of habitual indulgence by the defendant in violent or ungovernable temper, it is essential that the bill of complaint contain allegations of facts to show said habitual indulgence by the defendant in violent or ungovernable temper exhibited directly towards the complainant as that its frequency, violence, and results affect injuriously the safety, health or personal comfort of the complainant to such an extent as to make the performance of the marital duties impracticable.

Where a divorce is sought on the ground of habitual indulgence by the defendant in violent or ungovernable temper, allegations of facts showing such conduct towards the other consort as is calculated to cause merely great humiliation, mental anguish, unhappiness, inconvenience, financial loss, estrangement of family ties, loss of friends, separation of members of the family or the like are not sufficient to warrant a divorce when it does not appear that the performance of the marital duties is thereby

rendered impracticable.    Hickson v. Hickson, 54 Fla. 556, 45 South. Rep. 474; Prall v. Prall, 56 Fla. 521, 47 South. Rep. 916; Beekman v. Beekman, 53 Fla. 858, 43 South. Rep. 923; Dean v. Dean, 36 Fla. 492, 18 South. Rep. 592; Palmer v. Palmer, 26 Fla. 215, 7 South. Rep. 864; Johnson v. Johnson, 23 Fla. 413, 2 South. Rep. 834; Crawford v. Crawford, 17 Fla. 180; Ford v. Ford, decided at this term.

The general allegations that the defendant wife is indifferent to the complainant husband; that she showed by her conduct and manner an utter lack of affection for him and has been guilty of habitual indulgence in violent and ungovernable temper and violent sallies of passion; that she would without provocation habitually quarrel with the complainant about the most trivial circumstances, and at such times would make life a burden to him, frequently continuing her quarrelling after they had retired, so that persons living in the house were annoyed and disturbed and made complaint, and the specific allegations of misconduct on the part of the defendant wife stated to have so affected the health of the complainant that he could not sleep at night, and to have caused complainant great unhappiness and so affected his health and happiness as that life was an intolerable burden, do not show facts and natural consequences that render a continuance of the marital relation impracticable, though it may be unhappy.

The allegation that at the time of the marriage, the defendant had a husband and had not procured a legal divorce from him is clearly insufficient when considered in connection with the allegations of the want of jurisdiction in the court where a divorce was granted to the defendant before her marriage to the complainant.

Allegations that the prior marriage between the de-

fendant and another did not take place in Florida, that the other party was not before or since the marriage a citizen or resident of Florida, and that the service on the other party as defendant in the divorce proceedings was defective, are clearly insufficient, since if the service was defective it is not alleged that the defendant did not appear in the divorce suit, even if this was necessary to the validity of the decree in the courts of this State.

The decree is affirmed.

TAYLOR, SHACKLEFORD, COCKRELL and HOCKER, J. J., concur.