ETHEL L. TAYLOR, *Plaintiff in Error,* v. TRIBUNE PUBLISHING COMPANY, A CORPORATION, *Defendant in Error.*

Opinion Filed April 14, 1914.

1. It is libelous to publish falsely and maliciously of a wife that her husband wants a divorce, and charges her with being a bigamist.

2. A declaration by a woman against a newspaper for a libel for falsely and maliciously printing that a husband wants a

divorce upon the ground that his wife is a bigamist, is not rendered demurrable upon the ground of privilege as a fair statement of a judicial procedure, merely because there is a divorce case in our reports between parties of the same names.

Writ of Error to Circuit Court for Pinellas County; F. M. Robles, Judge.

Judgment reversed.

*McMullen & McMullen,* for Plaintiff in Error;

*P. O. Knight* and *C. Fred Thompson* and *A. G. Turner.* for Defendant in Error.

COCKRELL, J.—This is an action for libel. A demurrer to the declaration was sustained and a final judgment awarded the defendant.

In substance the declaration alleges that the defendant wickedly and maliciously did publish of and concerning the plaintiff in its newspaper a certain false, scandalous, malicious and defamatory libel, to-wit:

## "TAYLOR WANTS DIVORCE.

Says Wife (Meaning Plaintiff, Ethel L. Taylor) a Bigamist—City Editor St. Petersburg Times Married Here at Midnight Year Ago—Romantic Life.

R. J. W. Taylor, City Editor of the St. Petersburg Times is seeking legal separation from his wife (meaning plaintiff, Ethel L. Taylor) on the ground that they were illegally married in that she (meaning plaintiff,

Ethel L. Taylor) was the wife of another man, and knew this at the time.

Mr. Taylor and his wife (meaning plaintiff, Ethel L. Taylor) were married at Tampa about a year ago. It was midnight, and the scene was the Judge's office. Local newspaper friends were enlisted in arousing the judge from slumberland.

Mr. Taylor is one of the best known and most jovial citizens of the county. He says his wife (meaning plaintiff, Ethel L. Taylor) was the legal wife of Archibald F. Stebbing."

There can be no question that it is libelous to falsely charge in a public newspaper that a husband wants a divorce and says his wife is a bigamist. It may be that the pleader intended to deny that she was a bigamist, and to assert the well recognized principle of law that a false charge is none the less libelous, because another is credited with its authorship, and upon this theory the plaintiff is falsely charged with a crime, which is of course libelous.

The demurrer is sought to be sustained upon the theory that the publication is a fair statement of a judicial proceeding, and therefore privileged.

Two answers are readily apparent to such contention. The declaration does not disclose that the item purports to be a fair or other statement of a judicial proceeding, and again malice on the part of the publisher would destroy the privilege. We cannot take judicial knowledge that the case of Taylor v. Taylor, 63 Fla. 659, 58 South. Rep. 238, is the basis for the publication. Identify of name is not sufficient.

If the defendant desires to take advantage of Section 13 of the Bill of Rights and make it "appear that the

matter charged as libelous is true and was published for good motives," it should file its plea to that end.

Judgment reversed.

SHACKLEFORD, C. J., AND TAYLOR, HOCKER AND WHITFIELD, J. J., concur.