CLARA SEDDON, *Appellant*, v. WILLIAM H. SEDDON, *Appellee.*

Opinion Filed June 25, 1921.

EQUITY PRACTICE—DIVORCE—GROUNDS FOR,
MUST BE STATED IN BILL MORE FULLY AND
WITH GREATER PARTICULARITY AND DE-
TAIL THAN IN THE BARE LANGUAGE OF
THE STATUTE. IT IS ERROR TO ENTER A
FINAL DECREE OF DIVORCE, WITHOUT
ANY NOTICE OF THE FINAL HEARING,
AND ON THE SAME DAY WITH THE
FILING OF THE TESTIMONY TAKEN
BY THE MASTER, WHEN THE
MASTER'S REPORT IS FILED
BEFORE THE EXPIRATION OF
THE TIME ALLOWED BY
LAW FOR THE TAKING OF
EVIDENCE, AND WITH-
OUT ANY SETTING OF
THE CAUSE DOWN
FOR FINAL
HEARING

1. It is error for the court to render a final decree of divorce on the same day that the master's report of the evidence taken is filed, when such report is filed before the time allowed by the rules for the taking of evidence has expired, and without any setting of the cause down for hearing, and without any notice of the final hearing.

2. When a bill for divorce alleges the habitual indulgence by the defendant of a violent and ungovernable temper, simply in the language of the statute, but fails to give in detail such facts and circumstances, and such a continued series of such facts, acts and behaviour as that the court can adjudge for

itself whether such acts, facts and behaviour constitute the "habitual indulgence of a violent and ungovernable temper" as is authorized by the statute, such bill fails to state a case authorizing a divorce and should be dismissed on final hearing.

An Appeal from the Circuit Court for Volusia County; James W. Perkins, Judge.

Decree reversed.

*Landis, Fish & Hull,* for Appellant;

No appearance for Appellee.

TAYLOR, J.—The appellee, husband, filed his bill against the appellant, wife, in the Circuit Court of Volusia County in equity for divorce on the alleged grounds of extreme cruelty, and the habitual indulgence of a violent and ungovernable temper toward complainant. The cause was referred to a master to take testimony upon the filing of an answer by the defendant wife, and the master some time prior to the expiration of the three months allowed by the rules for taking testimony, filed his report of the testimony taken, and on the same day with the filing of said master's report of the evidence taken, without any notice of the hearing, the court below rendered a final decree granting to the complainant husband a divorce *a vinculo matrimonii*, and this decree the defendant wife brings here for review by appeal.

The action of the court in granting a final decree of divorce on the same day that the report of the master of the evidence taken was filed, and without any setting of the cause down for hearing and without any notice of the final hearing, was error. We think further that upon a

proper hearing of the cause, the complainant's bill should have been dismissed, upon the ground that the bill of complaint does not state a case as would justify a decree of divorce. It alleges the habitual indulgence by the defendant of a violent and ungovernable temper, in the language of the statute, but fails to give in detail such facts and circumstances, and such a continued series of such facts, acts and behavior as that the court can adjudge for itself whether such acts, facts and behavior constitute the "*habitual* indulgence of a violent and ungovernable temper," as is authorized by the statute. Phelan v. Phelan, 12 Fla. 449; Crawford v. Crawford, 17 Fla. 180; Johnson v. Johnson, 23 Fla. 413, 2 South. Rep. 834; Ray v. Ray, 63 Fla. 558, 57 South. Rep. 609; Taylor v. Taylor, 63 Fla. 659, 58 South. Rep. 238. Neither do the allegations in the bill charging extreme cruelty come up to the requirements laid down in the case of Prall v. Prall, 58 Fla. 496, 50 South. Rep. 867.

For the errors found the decree of the court below is hereby reversed at the cost of appellee.

BROWNE, C. J., and WHITFIELD, ELLIS and WEST, J. J., concur.