This appeal is taken by the defendant wife from a decree of divorce awarding the custody of the older children, boys eleven and fifteen years of age, to the complainant husband, and awarding the custody of the youngest child, a boy of tender years, to the defendant, and decreeing an allowance to be paid by the husband to the wife of $30.00 per month for the support and maintenance of said child.
One of the paragraphs of the bill charged: "That during a greater portion of the last 7 or 8 years prior to the bringing of this Bill of Complaint defendant frequently indulged in violent and ungovernable temper towards your complainant and his neighbors, frequently indulging in violent sallies of violent and ungovernable temper towards your Complainant and his said neighbors, constantly without provocation *Page 264 
or excuse quarreling with complainant and his said neighbors, upon one occasion striking your complainant with a stick of stove wood, upon another occasion striking him with a board and frequently striking complainant with her hand."
These allegations are not sufficient to constitute a proper charge of "habitual indulgence by defendant in violent and ungovernable temper," as provided by the statute as one of the grounds for divorce. The word "frequently" is not synonymous with "habitually." It is true that habitual indulgence in violent and ungovernable temper would necessarily imply frequency in the repetition of such conduct; but the mere fact that a person has frequently indulged in such conduct does not necessarily mean that such indulgence has become habitual. If the bill had alleged that the defendant had "customarily" indulged in violent and ungovernable temper, it would have approached more nearly the full meaning of the word "habitual," as used in the statute.
The allegations regarding conduct towards complainant's neighbors are of course irrelevant and should not have been embraced in the bill.
The point first above mentioned was raised by demurrer interposed by the defendant, which was not supported by affidavit of the defendant that it was not interposed for delay, as required by our rules of procedure. On final hearing, the defendant moved the Court for permission to amend this demurrer in this respect, which motion was denied, and the demurrer was stricken on motion of the complainant. In these rulings, there was no reversible error. The time for filing demurrer had long since passed, and the laches of the defendant in applying for leave to amend was so great that we cannot hold that the Court abused its discretion in denying the motion. This, however, does not change the fact *Page 265 
that the bill was fundamentally insufficient in the respect above pointed out, such insufficiency being plainly manifest upon the face of the bill, and the bill, therefore, did not afford a sufficient basis to warrant the Chancellor in considering the testimony introduced under the paragraph pointed out as a ground upon which to base his decree. The error being fundamental, this Court must take note of it, though not pointed out by a valid demurrer. Public policy requires that no divorce be granted except upon the grounds provided by law, and these grounds must not only be proven, but they must be alleged in the bill. See 19 C. J. 36. Such a defect in the bill goes to the correctness of the decree, and the rendition of the decree here is attacked by one of the assignments of error.
This Court is committed to the doctrine that although the complainant may make out by proof a case which entitles him to relief, yet he can have no decree unless the allegations of the bill are adapted to the case proved, for the Court pronounces its decree secundum allegata et probata. If a party intends to rely upon matter as constituting a ground for relief in equity; it ought to be set up in the bill; and if not so set up, though it appears by the evidence in the record to have been proven, it should not be considered at the hearing. See St. Andrews Bay Land Co. v. Campbell, 5 Fla. 560; Thornton v. Eppes, 6 Fla. 546; Anderson v. Northrop, 30 Fla. 612, 12 So. 318; Goulding Fertilizer Co. v. Johnson, 65 Fla. 195, 61 So. 441; 3 Encyc. Plead. Prac. 357.
In Crawford v. Crawford, 17 Fla. 180, it was held that indulgence in temporary capriciousness and unjustified irritation and temper does not constitute, within the meaning of the statute, habitual indulgence of a violent temper. In Palmer v. Palmer, 25 Fla. 215, 7 So. 864, it was held: "Nor will divorce on the ground of habitual indulgence of a violent *Page 266 
and ungovernable temper be granted, unless that temper has been displayed towards complainant, and habitually, and with the effect of rendering life an oppressive and intolerable burden, and making it impracticable to discharge marital duties under such burden. Occasional outbursts of passion, petulance, readiness to anger, frequent and unreasonable complaints, though made in a loud-voiced, boisterous manner, if these are only calculated to render the relations between the parties unpleasant and disagreeable or simply unhappy, do not furnish sufficient cause for divorce."
In Hickson v. Hickson, 54 Fla. 556, 45 So. 474, this Court, speaking through Mr. Justice WHITFIELD, held that, "Allegations of facts showing the use of violent language towards and abuse of the complainant by the defendant because of a dislike for members of complainant's family and relatives, and of the family surroundings, with no allegation that such conduct endangers the safety or health of complainant, are not sufficient for a decree of divorce on the ground of the habitual indulgence by the defendant in violent or ungovernable temper, even though it be alleged that the conduct stated renders the life of the complainant an oppressive and intolerable burden and makes it impracticable for complainant to discharge marital duties under such burden." To like effect, see also Beekman v. Beekman, 53 Fla. 858, 43 So. 923 Taylor v. Taylor, 63 Fla. 659, 58 Fla. 238; and Seddon v. Seddon, 82 Fla. 48, 89 So. 348.
The sixth paragraph of the bill reads as follows: "That the defendant was guilty of extreme cruelty towards your complainant in that on one occasion defendant struck complainant with a stick of stove wood and on another occasion struck complainant with her hand."
Neither are these allegations sufficient. We have repeatedly held that it is not sufficient to allege in general *Page 267 
terms the statutory cause for divorce. In addition to the general charge, the complainant must specify leading facts, or at least some facts upon which the general charge is based. These facts must be so definitely alleged as to apprise the defendant of the nature of the facts to be proved, and to enable defendant to prepare his or her defense, as well as in order that the Court may judge whether, the facts being proved, they will support the general charge. Crawford v. Crawford,supra; Seddon v. Seddon, supra. The allegations here limits the facts relied on as constituting extreme cruelty to the mere allegation that the defendant on one occasion struck the complainant with a stick of stove wood and on another occasion with a board, and on several occasions with her hand. These particular allegations are very meagre, to say the least, the time and circumstances being entirely omitted. Nor is it alleged that such conduct really endangered the life, limb or health of the complainant, or afforded any just cause for a reasonable apprehension of bodily injury in the future.
In Prall v. Prall, 58 Fla. 496, 50 So. 867, it was said: "The extreme cruelty that constitutes the statutory ground for divorce is such conduct by the husband or wife towards the other consort as will endanger his or her life, limb or health, or as will cause a reasonable apprehension of bodily hurt. The injury or danger of injury may be mental or physical, but it must be of such a character as to render it impracticable for the complainant to discharge with reasonable safety his or her marital duties. Mere inconvenience, unhappiness or incompatibility of temperament or disposition, rendering the marriage relations between the parties disagreeable or even burdensome, will not authorize a decree of divorce for extreme cruelty."
This last weakness in the allegations is not aided in any respect, even if it could be so aided, by a consideration of *Page 268 
the evidence which is rather vague and attenuated on these points. It appears from the evidence of the complainant himself that the only two occasions on which the defendant struck him were at some period considerably in the past, the first time being from ten to thirteen years before and the second time about six years before the hearing; both of which are denied by the defendant; and that subsequently they continued to live together as man and wife, and a child was born to them some year or so after the last alleged striking. We apprehend that the Chancellor did not base his decree upon any finding that these alleged two acts of violence constituted any such extreme cruelty as would warrant a divorce under our statute and the various decisions construing it.
While the evidence showed that the complainant and defendant had lived together as man and wife for some twenty years, and raised a family of four children, and that neither had any lawful cause for complaint until the seven or eight years before the suit, yet there was undoubtedly considerable credible testimony going to show that the defendant had for some years been guilty of constant nagging at and quarreling with her husband, causing him great unhappiness and inconvenience, and during the last three years even driving him, in order to get peace and quiet, to sleep in his shop in the yard rather than in the house; but in view of the fundamental insufficiencies of the allegations of the bill in that regard, we deem it unnecessary to pass upon the sufficiency of the evidence to show such habitual indulgence by the defendant in violent and ungovernable temper as would meet the standard of proof required by our decisions above cited. The evidence leaves the impression that spite of her strange conduct, this defendant was really devoted to her husband and children, and that ill health *Page 269 
may account in part at least for her conduct during the latter portion of her married life.
The testimony was taken before a master. In such case, while the finding of the Chancellor on the testimony will not be given the same effect as the verdict of a jury, his conclusions will not be reversed unless it clearly appears that he has erred in such conclusions. Luis v. Luis, 108 So. 671. However, the fundamental insufficiencies in the bill in this case, as well as of the testimony offered in support of at least one of the grounds thereof, are sufficiently grave to require a reversal.
Reversed, and cause, remanded for further proceedings, and with leave to amend the bill.
ELLIS, C. J., AND STRUM, J., concur.
WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion.