H. S. BRAGG v. JULIA BRAGG

188 So. 335.
Division A.
Opinion Filed April 25, 1939.

342

*Ben S. Hancock, Jr.,* for Appellant;
*George Edward Holt,* for Appellee.

PER CURIAM.—The appeal brings for review orders denying three motions, one to dismiss bill of complaint, one to strike certain portions of the bill and one for compulsory amendment.

The pertinent parts of the bill of complaint are as follows:

"That for some years preceding the year 1933 the defendant neglected his marital duties towards your complainant, although your complainant, has been at all times a faithful, loving wife and has done everything in her power to make the married life of your complainant and the said defendant a successful one, the said defendant failed to contribute sufficient funds to maintain the home of your complainant and the said defendant, and refused to procure and pay for food for your complainant who was thereby compelled to rely upon the generosity of her son, Julian Leo Bragg, together with a small income from property which she owns, with which to procure sufficient food and the necessities of life. That on numerous occasions the said defendant persuaded your complainant to give and lend him money in his various business enterprises but never repaid any of said sums, although frequently requested to do so.

"That the defendant has for a period of time prior to the year 1933, and since said year, harrassed, annoyed and criticized your complainant for no reasons whatsoever, ex-

cept that the said defendant had apparently tired of your complainant and desired younger companions, and by such attitude, not only towards your complainant, but towards the home maintained by your complainant, the marital relationship became intolerable and made the life of your complainant miserable and has reacted unfavorably upon the health of your complainant, especially since your complainant is of the age of sixty-three years.

"That the said defendant has on numerous occasions, and continues so to do, gone around and associated with other women and showered attentions upon them and expended money for their pleasure, and by reason thereof your complainant has become, has been and is now chagrined, mortified, nervous, and the health of your complainant is seriously affected.

"That by reason of the cruel and inhuman treatment as hereinabove described your complainant as heretofore alleged, has suffered impairment of her physical body and has been placed in mental turmoil.

"That your complainant is the owner of the following described property located in Dade County, Florida, to-wit: Lots 9, 10 and 11, Block 9, Jape's or Sost's Subdivision, City of Miami, Florida, according to plat thereof, recorded in the office of the Clerk of the Circuit Court in and for Dade County Florida, upon which is located the home of your complainant.

"That since the separation of your complainant and the said defendant, the defendant has occupied a room in the said home, but has refused to pay any board, room rent, or other sums of money for the use thereof, except small items which did not in any way compensate or pay for the use of said property. That in addition thereto there is located upon a part of said property described, the office of the defendant in which he conducts his business affairs.

That the said defendant has refused to remove himself from the home of your complainant and from said building occupied as an office, all of which is owned by your complainant.

"That your complainant is desirous of procuring the removal of said defendant from the said premises, both as to the home and as to the said office, and to be protected from any reprisals which the said defendant might seek to visit upon your complainant for instituting this action."
—and stated the following grounds:

"1. That if the allegations of said portion of plaintiff's bill of complaint are true, that she has a plain and adequate remedy therefor at law.

"2. That a Court of Equity is not the proper forum in which to try either an ejectment suit or an unlawful detainer suit."

The allegations of the bill of complaint are entirely insufficient to state any ground for divorce and, therefore, the motions should have been granted with leave to amend. See Kellogg v. Kellogg, 93 Fla. 261, 111 Sou. 637, and cases there cited.

The orders are reversed.

So ordered.

Reversed.

TERRELL, C. J., and BUFORD and THOMAS, J. J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687 Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.