GREENE v. GREENE.

No. 62-1951-E.

Circuit Court, Duval County.

June 19, 1962.

William Glenn Cone and Walter G. Arnold, both of Jacksonville, for plaintiff.

Albert J. Datz, Jacksonville, for defendant.

FRANK H. ELMORE, Circuit Judge.

After due notice by or to all parties affected, or upon waiver of notice, a hearing was held before the court with respect to the matters disposed of by this order. The court finds and is of opinion —

The plaintiff has neither alleged nor proved conduct of the defendant constituting "extreme cruelty" as ground for divorce, Ginsberg v. Ginsberg, Fla. App. 1961, 127 So.2d 137; Harmon v. Harmon, Fla. 1949, 40 So.2d 209. Neither in her complaint nor in her answer to the defendant's counterclaim does the plaintiff allege any ill effect whatsoever upon her resulting from the defendant's alleged conduct. The evidence at most suggests that she found marriage to the defendant disagreeable and that he irritated her during the seventy days they lived together as man and wife. The courts of this state have repeatedly held such cases to be insufficient to warrant a divorce on the ground of extreme cruelty. See e.g., Chisholm v. Chisholm, Florida 1929, 125 So. 694; Kellogg v. Kellogg, Florida 1927, 111 So. 637. Because of the failure of both *allegata* and *probata* the line of cases beginning with Diem v. Diem, Florida 1940, 193 So. 65, is not apposite.

There appears to be scant authority, scriptural, legal or profane, applicable to that conduct of the defendant within the connubial cover which is the gravamen of the plaintiff's case. The court has found no case directly in point. The discussion in the article on Divorce appearing in 27A C.J.S. §28(4) and the brief opinion of Justice O. W. Holmes, Jr. (then of the Supreme Court of Massachusetts), cited to the text and reported by the intriguing style of W_____ v. W_____ (a precious example of Victorian age prudery), 141 Mass. 495, 55 Am. Repts. 491, 1886, are helpful in judging that element of the case. It is said that even the consummation of such practices against the will of the complaining party must be "so detrimental to the *mental* or *physical* health of such party as to render the marital relationship intolerable" (italics supplied) and further that in the absence of compulsion, conduct of a similar nature which injured a wife's health by its effect upon her feelings was not "cruel and abusive treatment warranting a divorce." In the case at bar, all that was alleged and proved was repeated solicitation and refusal.

The counterclaim of the defendant is without equity and does not state a cause of action either for annullment or a divorce. Also, his proof was inadequate.

Upon consideration, it is ordered— (1) The relief prayed for by the plaintiff is denied. (2) The relief prayed for by the defendant is denied. (3) The parties shall bear their respective costs and fees. (4) The testimony taken on June 14, 1962 is not required to be transcribed but either party may have it done in which event the transcript shall be filed herein. If it is not transcribed, the court reporter's notes shall be filed herein. (5)

The order for payments during pendency of the case entered on May 3, 1962 is vacated. (6) This cause is dismissed with prejudice.