THE GOULDING FERTILIZER COMPANY, A CORPORATION, *Appellant*, v. W. P. JOHNSON, *Appellee*.

Opinion Filed Feb. 25, 1913.

EQUITY PRACTICE—QUESTIONS AS TO ADMISSIBILITY OF EVIDENCE IN EQUITY APPEALS CANNOT BE RAISED IN APPELLATE COURT UNLESS EXPRESSLY RULED UPON BY CHANCELLOR—DEFENSE TO BILL FOR FORECLOSURE OF MORTGAGE GIVEN TO SE-CURE PURCHASE MONEY FOR COM-MERCIAL FERTILIZERS—ALLE-GATA AND PROBATA MUST COINCIDE.

1. No objection will be allowed to be taken in the appellate court to the admissibility of any evidence, oral or documentary, found in the record in a chancery cause, unless the record affirmatively shows that the objection thereto was presented to the chancellor and expressly ruled upon by him in the court below, at or before the final hearing of the cause.

2. It is an established rule of chancery practice, and of pleading and practice generally that the *allegata* and *probata* must correspond. However full and convincing may be the proof as to any essential fact, unless the fact is averred proof alone is insufficient. All the evidence offered in a case should correspond with the allegations and be confined to the issues.

3. Where an answer to a bill for the foreclosure of a mortgage given to secure the purchase price of commercial fertilizer, alleges that the defendant had a sample of said fertilizer taken and chemically analyzed by the State Chemist in compliance with the provisions of Section 1271 of the General Statutes of 1906, and that upon such analysis by the State Chemist he discovered that he had been defrauded by reason of the fact that said analysis by the State Chemist showed that said fertilizer was deficient in the quantity of several

material constituent elements, that it was represented to contain in the labels attached thereto by the complainant, and that said fertilizer was worthless, *Held*: That under Section 1272 General Statutes of 1906, that provides for the recovery by the purchaser under such circumstances of double the amount demanded by the vendor for such fertilizer, where the defendant offers in his answer to set off such statutory penalty against the complainant's demands, that it furnishes a legal defense to such bill, and when sustained by the proofs should defeat a recovery by the complainant.

Appealed from the Circuit Court for Santa Rosa County.

Decree affirmed.

*W. W. Clark,* for Appellant;

*Reeves & Watson & Pasco,* and *T. F. West,* for Appellee.

TAYLOR, J.—The appellant filed its bill in equity against the appellee for the foreclosure of a mortgage upon personal property in the Circuit Court of Santa Rosa County. There was a final decree in favor of the defendant below, appellee here, and the complainant's bill dismissed at its costs. This decree the appellant brings here for review by appeal. The mortgage and note combined that was sought to be foreclosed is as follows:

"State of Florida,
Santa Rosa County.

Milligan, Fla., March 3rd, 1910.

$186.75.

On or before October 1st, I promise to pay The Goulding Fertilizer Company, or order, One Hundred Eighty-

VOL. 65, JANUARY TERM, 1913.    197

Goulding Fert. Co. v. Johnson—Opinion of Court.

Six and 75/100 Dollars, for 50 sacks High Grade Potash Mixture, 5 sacks Nitrate of Soda, sold to me by the said The Goulding Fertilizer Co.  Should this note be unpaid at maturity and be placed in the hands of an attorney for collection or adjustment, then there shall also become due and payable on this note an attorney's fee of ten per cent on the amount of said principal, and on interest due and to become due thereon.  This note bears interest from its maturity at the rate of 8 per cent per annum until paid.  The consideration of this note is the commercial fertilizer mentioned above, and which has been sold to me by the said The Goulding Fertilizer Company, and it is expressly understood that such company has refused to make and does not make any warranty of the quality or value of such fertilizer, or any representation as to its quality or value; and that I am to rely, as to such quality and value, solely upon the fact that the laws of said State as to the analysis of such fertilizers have been complied with, in so far as is necessary to offering the same for sale in this State.  That said fertilizers for which this note is given have been advanced to me for the express purpose of aiding me in carrying on my farming operations during the present year on my farm containing 35 acres more or less in Section 30, Township 4, Range 24 in said State and county, and I hereby sell and convey and pledge unto the said The Goulding Fertilizer Company, and its assigns, for the principal amount of said note and interest thereon, and an attorney's fee as above provided, all the crops and products that shall be made or grown on said farm during the present year; and I promise to sell and deliver the crop so raised to said The Goulding Fertilizer Co. or its assigns, to be paid for at the market quotations at the time of the delivery, the proceeds of such sale

to be retained by The Goulding Fertilizer Company, or its assigns, and applied to the satisfaction of this indebtedness, and also upon one black mare mule, name "Babe,' one white horse, mule, name 'Bob,' one two-horse wagon.

Witness my hand and seal this 3rd day of March, A. D. 1910.

Signed, sealed and delivered
in the presence of C. C. Eiland,
A. L. Garrett."

W. P. Johnson (Seal)

The bill alleges that no part of this note has been paid except the sum of $31, which was paid and credited on said note on November 22nd, 1910, and claims a balance of $155.75, as remaining due and unpaid thereon, together with interest thereon from October 1st, 1910, at the rate of 8 per cent per annum and also 10 per cent of the said amount for attorneys' fees. The bill prays for a foreclosure of the said mortgage for said amount as being due and unpaid thereon. The defendant answered the bill, alleging, that said note and mortgage were given in consideration of fifty sacks of high grade potash, and five sacks of Nitrate of Soda. That immediately after the receipt of said alleged fertilizer he did submit a fair sample of said high grade potash to the Commissioner of Agriculture of the State of Florida for analysis; that said sample so submitted was selected in the presence of two disinterested persons, the package containing said sample being properly corked and sealed in their presence, and was by a disinterested person forwarded to the Commissioner of Agriculture of said State, and he did thereupon require the State Chemist to analyze the said sample so taken, and defendant found from such analysis and avers that the said alleged fer-

tilizer was deficient in several of the constituent elements shown by the label attached to the package of said alleged fertilizer; that said alleged fertilizer was of no value; that he was thereby defrauded, and that said complainant thereby became indebted to him in a sum equal to twice the amount agreed to be paid for said alleged fertilizer, that is to say the sum of ————————— Dollars, which said amount defendant is willing to set off against complainant's claim and prays judgment therefor. That long prior to the institution of this suit he did fully pay complainant for the five sacks of nitrate of soda.

The errors assigned are:

1. The court erred in sustaining the objection of the defendant to the testimony of the witness, W. E. Craig, for the complainant to the effect that the defendant had not paid the amount which he had agreed to pay as a compromise proposition under the mortgage in question.

2. The court erred in admitting in evidence over the objection of the complainant what purported to be a certificate of analysis of some of the fertilizer in question, marked "Exhibit B."

3. The court erred in its final decree entered the 28th day of August, A. D. 1912, in the following particulars:

(a) In finding that the answer of the defendant in this cause states a good defense.

(b) In finding that the said answer had been sustained by the proofs.

(c) In dismissing the complainant's bill of complaint.

(d) In finding as the court necessarily did find that the defendant has been defrauded in the purchase of the fertilizer in question.

The first and second of these assignments of error must

fail because the objections to evidence sought to be urged therein as error were not specifically brought to the attention of the chancellor at or before the hearing of the case nor were they expressly ruled upon by him. Under the provisions of Rule 18, Supreme Court Rules, adopted March 2, 1905, no objection will be allowed to be taken in the appellate court to the admissibility of any evidence, oral or documentary, found in the record in a chancery case, unless the record affirmatively shows that the objection thereto was presented to the chancellor, and expressly ruled upon by him in the court below, at or before the final hearing of the cause. West Coast Lumber Co. v. Griffin, 54 Fla. 621, 45 South. Rep. 514. But besides this as to the first of these assignments of error, the complainant's effort was to prove by the witness, Craig, whose evidence is alleged to have been erroneously rejected, that the defendant had made a new promise to pay a reduced amount as a compromise of his note and mortgage and had failed to pay the amount so promised. There is in the complainant's bill no mention of any new promise or compromise, and the bill does not claim anything by reason of such new promise or compromise, but seeks only a recovery upon the original note and mortgage according to its terms. It is an established rule of chancery practice and of pleading and practice generally that the *allegata* and *probata* must correspond. However full and convincing may be the proof as to any essential fact, unless the fact is averred proof alone is insufficient. All the evidence offered in a case should correspond with the allegations and be confined to the issues. Tate v. Pensacola, Gulf, Land & Development Co., 37 Fla. 439, 20 South. Rep. 542; Lyle v. Winn, 45 Fla. 419, 34 South Rep. 158; Pinney v. Pinney, 46 Fla. 559, 35 South. Rep. 95; Hinote v. Brigman

VOL. 65, JANUARY TERM, 1913.    201

Goulding Fert. Co. v. Johnson—Opinion of Court.

& Crutchfield, 44 Fla. 589, 33 South. Rep. 303; Anderson v. Northrup, 30 Fla. 612, 12 South. Rep. 318.

Section 1264 of the General Statutes of 1906 requires every bag or separate parcel of commercial fertilizer sold in this State to be securely labeled with the brand or trade mark under which it is sold together with the chemical analysis stating the percentage of the various ingredients thereof. Section 1271 provides for the purchaser having a sample of such fertilizer chemically analyzed by the State Chemist, and provides that the State Chemist's certificate of such analysis made by him shall be evidence in any court in this State. Section 1272 of said General Statutes provides for the recovery by the purchaser of any such fertilizer from the vendor thereof of twice the amount paid or demanded therefor who shall, upon an analysis thereof by the State Chemist, discover that he has been defrauded by reason of adulteration or deficiencies of constituent elements either in quality or quantity. The answer of the defendant, fully supported by the proofs, set up a good defense to the bill in this case and there was no error in the final decree rendered therein. Braxton v. Liddon, 55 Fla. 785, 46 South. Rep. 324.

The decree appealed from herein is hereby affirmed at the cost of the appellant.

SHACKLEFORD, C. J., AND COCKRELL, HOCKER AND WHITFIELD, J. J., concur.