S. G. COLLINS, *Plaintiff in Error*, v. J. H. PLANT, *Defendant in Error.*

J. H. PLANT, *Plaintiff in Error*, v. S. G. COLLINS, *Defendant in Error.*

Opinion Filed November 24, 1914.

1. A plea to an action for fertilizers is bad if based upon a statute penalizing unlabelled fertilizers by seizure, and not making the failure to label defensive matter.

2. Courts will not be held in error for refusing a right of action not pleaded.

3. An analysis by the State Chemist may be made *prima facie* evidence, of the ingredients of a bag of fertilizer, even though the legislation fail to provide that samples be taken from various parts of the bag, the identity of the sample being safeguarded.

4. Evidence as to the analysis of unsold fertilizer may be refused upon an issue as to the analysis of fertilizer that was sold.

Writ of Error to Circuit Court for Santa Rosa County; J. Emmett Wolfe, Judge.

Judgment affirmed.

*J. P. Stokes* and *J. T. Wiggins,* for Plaintiff in Error;

*McGeachy & Lewis,* for Defendant in Error.

COCKRELL, J.—In an action upon the common counts for commercial fertilizers Collins recovered judgment against Plant in the sum of $125.00 with interest and costs. Each party take separate writs of error to this judgment.

Taking up first the assignments of error by Plant, they are all based upon the overruling of certain pleas filed by him.

Special plea, numbered two, is based upon Chapter 5660, Laws of 1907. This act requires stamped labels on certain commercial fertilizers, subjecting the unlabelled to a liability for seizure by designated public officials, under a procedure, hedged about with many details. There was no attempted seizure in this case, and the statute does not make the failure to so label defensive matter.

The other pleas overruled were more carefully and fully covered by plea five, upon which trial was had, and we see no harmful error here. They were pleaded only as a set-off, and no recovery against the plaintiff was asked. We fail to find in the record brought here by Plant any ruling by the court that denies to him any claim to a cross-action he might have had against Collins.

As to the contentions of Collins that he was injured by the court's ruling, there was apparently an admission that the defendant made out a *prima facie* defense, under Genl. Stats. §§ 1271 and 1272, by showing an analysis by the State Chemist upon samples submitted to him that the guaranteed analysis affixed to the bags of fertilizer sold to Plant, fell far short in essential ingredients. The point made is that the statute does not sufficiently protect the seller in that it does not require that the samples be taken in sufficient quantity, or rather from different parts of the bag. It does provide safeguards in the identity of the sample to be analyzed, and his certificate is made at most competent, but by no means exclusive evidence, as to the real analysis. He is subject to the ordinary rules of cross-examination and contradiction, and the trained expert of the State may be trusted to some *prima facie* of accurary and fairness. The courts may well remit to the legislature the determination of what may constitute *prima facie* a fair sample to be taken from a sack of fertilizer. If by reason of exposure to air there be a deterioration in the constituent elements of the fertilizer in an inconsequential proportion of the fertilizer and the sample to be analyzed be taken from that inconsequential part, the analysis might for that reason be rejected, but we are not met with such condition.

There was no error in refusing an analysis of unsold fertilizer. Too many elements of uncertainty suggest themselves to the admissibility of such evidence. The question to be determined is whether the fertilizer sold came up to the guaranty, and the plaintiff was given a fair opportunity to test that issue.

The plaintiff recovered on his commission accounts for so much of the fertilizer as accorded with the analysis, and failed in his recovery as to that below the analysis.

For other cases in this court upon this statute, see Braxton v. Liddon, 49 Fla. 280, 38 South. Rep. 717, and Goulding Fertilizer Co. v. Johnson, 65 Fla. 195, 61 South. Rep. 441.

We find no error upon either record, and the judgment is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, HOCKER AND WHITFIELD, J. J., concur.