MINNIE A. RAUSCH AND CHARLES E. RAUSCH, HER HUSBAND, EMMA WHITT, A WIDOW, AND CLARENCE T. WHITT A BACHELOR, *Appellants*, v. THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, A CORPORATION, *Appellee*.

Opinion filed June 9, 1919.

1. The acknowledgement of a married woman and the certificate of an officer, in the absence of fraud or duress, are conclusive as to separate and private examination of the wife.

2. In an application for an extension of time beyond that prescribed by the rule for the taking of testimony in chancery causes, the application for such extension should set forth why the testimony has not been taken within the prescribed time and what facts are expected to be shown by

other witnesses if extension should be granted; and in the absence of such showing it will not be error to refuse such extension.

3. A mere statement that the testimony is material and admissible and pertinent to the issue in the cause is not sufficient to authorize the granting of an extension of time for taking the testimony and it is not error to refuse to grant such extension.

An Appeal from the Circuit Court for Hillsborough County; F. M. Robles, Judge.

Decree affirmed.

*E. J. Binford,* for Appellants;

*Knight, Thompson & Turner,* for Appellee.

WILLS, CIRCUIT JUDGE.—The appellee filed a bill of foreclosure of a mortgage. There was a decree *pro confesso* entered as to Emma Whitt and Clarence T. Whitt. The appellants Minnie A. Rausch and Charles E. Rausch severally answered that the property described in the mortgage was their homestead and denied that Minnie A. Rausch executed the mortgage and acknowledged it on private and separate examination, and that there was no private examination, and that she did not acknowledge the execution thereof before any Notary Public for any purpose whatever, and that she did not know it was a mortgage, but on the contrary was informed that it was a contract in the nature of an insurance on the life of her husband. The cause was referred to an examiner and on the last day of the time allowed by the rule for the taking of testimony the appellants filed a

petition for an extension of time to take the testimony of witnesses, one of said witnesses who resides in the State of Kentucky and the other in the northern part of the State of Florida, the exact location now unknown to defendants, that the evidence of such witnesses is essential to the proper defense of said action, that the evidence which will be given by the said two witnesses is admissible and pertinent to the issue and relates to controlling fact, which petition was denied, and upon final hearing upon bill, answer and testimony a decree of foreclosure was entered and the appellants appealed.

The extension of time for taking testimony after the expiration of the period prescribed by the rule for the taking of testimony is a matter in the sound judicial discretion of the lower court and will not be disturbed unless there is a palpable abuse of such discretion.

In a motion for an extension of time for the taking of testimony the party applying should state why the testimony was not taken within the time and the fact which he expects to prove set forth. It is not sufficient to say that the proposed evidence is "admissible and pertinent to the issue and relates to controlling facts involved in the action."

As to the allegation of the answer that Minnie A. Rausch did not understand that she was signing a mortgage—she testified that she understood that she was signing some contract securing the money which was received from the Equitable Life Assurance Society and the house was to be security for the money. Her co-defendant Charles E. Rausch, also testified that he told her that it was a mortgage. We think the evidence clearly shows that she understood what she was signing. These

two defendants testified that there was no separate examination of the appellant Minnie A. Rausch, separate and apart from her husband. The Notary Public who took the acknowledgement and the witness who signed testified that there was a separate examination. This court, in the case of Shear v. Robinson, 18 Fla. 379, (body of opinion p. 444), said "It has been repeatedly held that the certificate of acknowledgement of deed of a married woman is conclusive unless fraud be clearly shown by competent witnesses; and that the testimony of the parties alone was not sufficient to overcome the certificate nor would the testimony of the magistrate be taken to contradict his official certificate." See also Bank of Jennings v. Jennings, 71 Fla. 145, 71 South. Rep. 31.

The decree appealed from should be affirmed.

PER CURIAM.—The record in this cause having been considered by this Court, and the foregoing opinion prepared under Chapter ——, Acts of 1919, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the decree herein be and the same is hereby affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.