P. P. SIMMONS, *Appellant*, v. DOVER DRAINAGE DISTRICT, A CORPORATION, *Appellee*.

En Banc.

Opinion Filed May 14, 1927.

1. The sufficiency of a pleading alleging fraud is determined by the court upon demurrer.

2. Wherever fraud is relied upon in any proceeding, either at law or in equity, the allegations or averments should be specific and the facts constituting the particular fraud relied upon should be stated with certainty.

3. In alleging false misrepresentations ultimate material facts, and not opinions or promises, directly affecting the transaction, should be clearly and distinctly stated, showing representations made and relied on and the falsity of the representations.

An Appeal from the Circuit Court for Hillsborough County; L. L. Parks, Judge.

Order affirmed.

*Hampton, Bull & Pencke* and *Billie B. Bush,* for Appellant;

*O. K. Reaves* and *H. S. Phillips,* for Appellee.

LONG, Circuit Judge.—This cause is before the court upon appeal from an order by the Circuit Court of Hillsborough County, Florida, sustaining a demurrer to the amended bill of complaint.

The Dover Drainage District, appellee herein, was created in April, 1923, by a decree of the Circuit Court of Hillsborough County. An amended bill attacking the organization of the District was filed on the 5th of January, 1925, to which a demurrer was sustained. A decree of the court was entered, creating this Drainage District, defining its boundaries and confirming the assessment, before either the original bill or the amended bill was filed, and such decree could not be attacked unless a clear case of fraud against the appellee is alleged and proven. The appellant contends that the demurrer should have been overruled because the bill, by sufficient allegation, charges, first, fraud; second, that the assessment of the property is in excess of its value. The brief of appellant concedes ''that the time for making objections as to the boundary lines of the district, the manner in which it was organized and the reasonableness of the assessment has passed.'' The only question then to be determined by the court is whether the allegations of the amended bill sufficiently charge fraud.

The third paragraph of the amended bill contains all of the allegations charging fraud, which paragraph is as follows: ''Your orator would further show that when the said drainage district was being established he was informed by the person having the same in charge, the name of which person your orator does not now recall, that his land was

not embraced in the drainage district, but was outside of the boundaries thereof, and that he therefore could not participate in the proceedings; that later, in response to suggestions of some of his neighbors, that his lands might be included in the district.  As their lands adjacent thereto were included, your orator attended a meeting called to elect officers for the purpose of protesting against the inclusion of his lands.  Your orator being a man of small means and being totally ignorant of the method of organization, and assuming that the only proper method of protesting against the inclusion of his land in the district was to appear in person before the said meeting, your orator knowing of no other way in which to make his wishes known, and your orator was then publicly informed at said meeting that his land was not included in the district, and that he therefore could not vote at said meeting; whereupon orator retired therefrom; that during all of said time your orator was lulled to sleep and prevented from seeking relief against said injustice and confiscatory action on the part of the persons in charge of the organization of the said district; that at a subsequent time your orator did, in fact, discover that his land had been so included in the district, but this knowledge did not come to him until after the assessment of taxes for the drainage had been made, and your orator now charges that the said Drainage Commission practiced a fraud upon your orator, in that they fraudulently and knowingly included his land in the said drainage district, when in fact they had advised your orator at the time said lands were so included, that the lands had not been included and that he could not vote at any meeting held by the officers of the drainage district.''

The allegations of fraud stated in this paragraph of the amended bill are that the appellant was informed by some person, whose name he could not recall, that his land was

not embraced within the drainage district; that subse-
quently some neighbor suggested that his land might be
included in the district, and that he then attended a meet-
ing called to elect officers that he might protest against his
land being included; that at the meeting he was publicly
informed that his land was not included, and that he could
not vote; that he then retired and was lulled to sleep and
prevented from seeking relief against the organization;
that the Drainage Commissioners practiced a fraud upon
this appellant, in that they fraudulently and knowingly
included his land in the drainage district, when in fact
they had advised him that said lands had not been included.

Wherever fraud is relied upon in any proceeding the
ultimate facts constituting the fraud relied upon should be
stated with certainty and should not be indefinite and un-
certain.    The only allegation that bears any degree of
certainty is that the Drainage Commissioners practiced a
fraud upon appellant, in that they fraudulently and know-
ingly included his land in the drainage district, when they
had advised him at the time the said lands were included
that the lands had not been included.    Under the law cov-
ering organization of drainage districts, commissioners are
not appointed until after the district has been organized.
Then, after the commissioners have made their assessment
a notice is published calling upon persons having objec-
tions, at a fixed date to appear and be heard.    At the time
this district was organized the commissioners were not in
existence and therefore could not have made the repre-
sentations alleged.

The sufficiency of a pleading alleging fraud is deter-
mined by the court upon demurrer.    Langston & Strick-
land v. National China Co., 57 Fla. 92, 49 South. Rep. 155;
Huffstetler v. Our Home Life Ins. Co., 67 Fla. 324, 65
South. Rep. 1.

Wherever fraud is relied upon in any pleading, either at law or in equity, the allegations or averments should be specific and the facts constituting such fraud should be stated. Hillsborough Grocery Co. v. Leman, 62 Fla. 208, 56 South. Rep. 684; Huffstetler v. Our Home Life Ins. Co., *supra.*

In alleging false misrepresentations ultimate material facts, not opinions or promises, directly affecting the transaction should be clearly and distinctly stated, showing representations made and relied on and falsity of the representation. Riverside Inv. Co. v. Gibson, 67 Fla. 130, 64 South. Rep. 439.

The allegations or averments of the amended bill are not specific, and the facts constituting the fraud relied upon are not stated with certainty.

The order of the Circuit Court sustaining the demurrer to the amended bill of complaint is affirmed.

ELLIS, C. J., AND WHITFIELD, TERRELL, STRUM AND BROWN, J. J., concur.