FARLEIGH M. HERALD AND A. M. HERALD, *Appellants,* v. J. B. HARDIN, *Appellee.*

Division B.

Opinion Filed May 10, 1928.

890

*E. L. Bryan,* Attorney for Appellants;

*Mabry, Reaves & Carlton,* Attorneys for Appellee.

TERRELL, J.—This appeal is from a final decree in a foreclosure suit. The appellants are husband and wife and were defendants below. The lands described in the mortgage was the separate statutory property of the wife. To the bill of complaint exhibited against them defendants filed their answer setting up as their defense to the foreclosure; (1) Total want of consideration in the execution of the mortgage, (2) That the said mortgage was executed under duress, (3) Set off in the sum of Two Thousand Dollars against complainant, and (4) Improper execution and acknowledgment of the mortgage. After hearing the testimony offered in support of these defenses the chancellor entered his final decree foreclosing the mortgage. Appeal was taken from that final decree. The defense of set off is not urged here so we treat it as abandoned. On the question of want of consideration the record discloses that the note and mortgage brought in question were given by Farleigh M. Herald, appellant, and wife of A. M. Herald, to secure funds that appellant, A. M. Herald, admitted that he had wrongfully taken from appellee, J. B. Hardin, while in his (J. B. Hardin) employ. This Court has repeatedly held that a wife may incumber her separate statutory property to secure a debt made by her husband. It makes no difference whether the consideration for the husband's debt benefits the wife or enhances the value of her separate property. Dzialynski v. Bank of Jacksonville,

23 Fla. 346, —— So. Rep. ——; Ballard v. Lippman, 32 Fla. 481, 14 So. Rep. 154; Connor v. Elliott, 73 Fla. 217, 74 So. Rep. 649; Ocklawaha River Farms Co. v. Young, 73 Fla. 159; 74 So. 644.

It is next contended that the mortgage was executed under duress. Duress is a condition of mind produced by an improper external pressure or influence that practically destroys the free agency of a party and causes him to do an act or make a contract not of his own volition. 18 C. J. page 234. There is no testimony supporting duress except that of Mrs. Herald. The net result of her testimony is that the mortgage was executed on her part to secure an obligation that Mr. Herald owed to Mr. Hardin and that Herald was threatening to divorce her and take their children if she (Mrs. Herald) did not execute the mortgage. The testimony of Harry E. Klein, the Notary Public who took the acknowledgment of the mortgage, corroborates Mrs. Herald's testimony as to execution to secure the obligation owed by Herald to Hardin. There is no showing whatever that Hardin was in any way responsible for the domestic infelicity of Herald and his wife, nor was the mortgage executed at his (Hardin's) suggestion but on the other hand it is shown that the proposition to make the mortgage originally came through Herald's attorney. Hardin being in no way responsible for the unfortunate plight of appellants, the mortgage cannot be attacked on the ground of fraud or duress as to him. Smith v. Commercial Bank of Jasper, 77 Fla. 163, 81 So. Rep. 154. We do not believe that the facts in this case show that the "free agency" of Mrs. Herald was destroyed or that the mortgage in question was not of her "own volition" but if they did as against the holding of the chancellor the unsupported testimony of the person who executed the mortgage would be insufficient to set it aside.

Appellant next undertakes to impeach her acknowledgment of the mortgage. The acknowledgment in this case has been examined and we find that it is in substantial compliance with the requirements of the law. The rule is well settled in this State (and we think in the majority of the states) that the certificate of acknowledgment of a married woman to a deed or mortgage is conclusive against her in the absence of fraud or duress, and that the testimony of the parties alone is not sufficient to overcome it, nor can the testimony of the officer taking the certificate be admitted to contradict his official certificate. Hart v. Sanderson's Admin., 18 Fla. 103; Shear v. Robinson, 18 Fla. 379, Text 443; Bank of Jennings v. Jennings, 71 Fla. 145, 71 So. Rep. 31; Rausch v. Eq. Life Assur. Society of the United States, 77 Fla. 846, 82 So. Rep. 295; Hutchinson v. Stone, 79 Fla. 157, 84 So. Rep. 151; Green v. First National Bank of Marianna, 85 Fla. 51, 95 So. Rep. 231.

We are mindful of the fact that this rule does not obtain everywhere. In some states under certain conditions the evidence of the officer taking an acknowledgment may be used to impeach it. Qualls v. Qualls, 196 Ala. 524, 72 So. Rep. 76; Parlin & Orendoff Co. v. Hutson, 198 Ill. 389, 65 N. E. Rep. 93; Davis v. Monroe, 187 Pa. St. 212, 41 Atl. Rep. 44; Winn v. Itzel, 125 Wis. 19, 103 N. W. Rep. 220.

Affirmed.

WHITFIELD, P. J., AND BUFORD, J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion and judgment.