WILLIAM A. MURPHY v. E. P. DUNCAN, *as Liquidator.*

149 So. 594.
Division B.
Opinion Filed July 25, 1933.

*Henry D. Williams,* for Appellants;

*Roberts & Nelson* and *Ernest E. Roberts,* for Appellee.

BUFORD, J.—Appellee filed suit in the Circuit Court of Dade County to foreclose a mortgage purported to have been executed by the appellants. The appellants answered

separately. Amongst other things, the answer of William A. Murphy, after alleging that the execution of the mortgage was procured by fraud and deception, alleges:

"* * * but that the same was not accompanied either by this defendant or by his wife, the defendant *Edith T. Murphy;* that neither this defendant nor his wife, the said *Edith T. Murphy,* have ever acknowledged their signatures on the said mortgage to any Notary Public, and, more specifically that no acknowledgment of the said *Edith T. Murphy* taken separately and apart from her husband, this Defendant, has ever been had, and insofar as this Certificate of Acknowledgment appears appended to this mortgage, the same is false, fraudulent and untrue; that the said mortgage was obtained by fraudulent misrepresentation and was not made with the joint consent of husband and wife, in the manner and form provided and prescribed by the Constitution and the statute of the State of Florida in such cases made and provided; and that the Notarial Certificate attached to the said mortgage is false and fraudulent, of which fact the said Bank of Homestead was fully aware and in which fraud it participated in that it procured the execution of the Notarial Certificate well knowing that the same did not speak the truth and well knowing that no separate and private examination of the said *Edith T. Murphy* had been had."

The answer of Edith T. Murphy alleges:

"That this defendant went with her husband to said Bank of Homestead for the purpose of executing the said mortgage; that the conference was had between the defendants herein and one *W. D. Dunwoody,* an officer of said Bank of Homestead; that this defendant stated to the said *Dunwoody* that she was about to execute the said mortgage under the constraint and compulsion of her husband, that

after some further talk, this Defendant and her husband, the said *William A. Murphy,* actually executed the said mortgage and signed their names thereto; that thereafter the said *Dunwoody* took the said mortgage so executed from the said Defendants, stating that he would have the rest of its execution attended to; that there was no witnesses present, no person who actually saw the said mortgage signed by the Defendants and no acknowledgment or private or separate examination of this Defendant, taken separately and apart from her husband, was in fact taken; that in further point of fact no acknowledgment of any kind was taken either from this defendant or from her husband, the said *William A. Murphy;* that the said Bank of Homestead, acting through its officer, the said *W. D. Dunwoody,* well knew that in the event an opportunity was given to this defendant for a separate and private examination before a Notary Public, she, this Defendant, would not have sworn that the said mortgage was executed freely and voluntarily and without compulsion, constraint, apprehension or fear of or from her said husband, and that the said mortgage deed was taken from these defendants by the said Bank of Homestead, acting through its agent and officer, the said *W. D. Dunwoody,* for the particular purpose of eliminating the difficulty which would have arisen upon the refusal of this Defendant to have made such acknowledgment upon a separate and private examination; that the act of the said Bank of Homestead, in depriving this Defendant of an opportunity to be examined separately and apart from her husband and its subsequently having obtained the certificate from a Notary Public, certifying that such examination was in fact made, was a fraud upon this Defendant; that the same was done intentionally and for the purpose hereinabove set forth; that the certificate sub-

sequently obtained is likewise fraudulent in that it does not speak the truth and in that no examination of the Defendant was, in point of fact, ever had; that the premises covered by the said mortgage constitute the homestead property of the Defendant, *William A. Murphy,* they being outside of the city limits of any incorporated town or city and containing the residence of the Defendant, *William A. Murphy,* and of this Defendant, the said *Willliam A. Murphy* being the head of a family, consisting of himself, this Defendant who is his wife, and a minor daughter; that the property was such homestead at the time when said mortgage was executed and has been at all times since then up to and including the present time, which fact was well known to the said *W. D. Dunwoody* and to the Bank of Homestead."

The testimony taken supports the allegations of these answers. The testimony of the defendants is to a considerable extent supported by two other witnesses. The final decree was in favor of the complainants and was entered on May 31st, 1932.

On January 18th, 1933, opinion and judgment in the case of McEwen, *et ux.,* v. Schenck, reported 146 Sou. 839, was filed in this Court. In that case this Court said:

"While the certificate of an officer who is authorized to take acknowledgment of deeds and mortgages, stating in effect that a named married woman duly acknowledged before him the execution of a deed or mortgage alienating homestead real estate, is a *quasi* judicial act, and where the married woman who made the acknowledgment and the executed instrument are in fact before the officer, and he undertakes to act officially, the certificate of the official as to the acknowledgment, when duly made, is, in the absence of fraud or duress, conclusive of the facts stated in the official certificate; yet, if the married woman who made

the acknowledgment was not in fact before the officer when the acknowledgment was made, the officer is without jurisdiction, authority or power to take the acknowledgment of the married woman, or to make the statutory certificate with reference thereto. 1 C. J. 775. The absence of such jurisdiction, authority or power to take the acknowledgment or to make the certificate relative to it because the married woman was not before the officer when the acknowledgment was taken may be shown *aliunde;* and, when it is duly and clearly made to appear that the married woman was not in fact before the officer when the acknowledgment of the execution was made, the officer's certificate as to the acknowledgment is of no validity or effect to show that the deed or mortgage of homestead real estate was 'duly executed' as is mandatorily required by the Constitution. Hutchinson v. Stone, 79 Fla. 157, text 169. 84 So. 151, 155."

And further in the same case it is said:

"In this case the married woman and her husband testified that the mortgage was not executed in the presence of the notary, and the married woman testified that she did not appear before or acknowledge to the notary the execution of the mortgage, while the notary testified that the married woman appeared before the notary and acknowledged the execution of the mortgage separate from her husband.

"The chancellor states in the final decree that 'substantial evidence has been introduced to show that the wife did not appear before or in the presence of the Notary Public who took the acknowledgment, but the Court is of the opinion that in the absence of an allegation of fraud or duress sustained by sufficient proof in the record the Court cannot consider such testimony, since it appears that the acknowl-

edgment upon the mortgage is in substantial compliance with the requirement of law. This view has been reached from the Court's interpretation of the decision in the case of Herald, *et al.*, v. Hardin, 95 Fla. 889, 116 So. 863, announcing the rule that the certificate of acknowledgment of a married woman to a deed or mortgage is conclusive against her in the absence of fraud or duress. The Court finds, therefore, that it is concluded by this rule from a consideration of the weight or sufficiency of the evidence introduced to impeach the acknowledgment.' In Herald v. Hardin, 95 Fla. 889, 116 So. 863, the married woman appeared before the notary.

"As the chancellor did not determine 'the weight or sufficiency of the evidence' adduced under the averments of the plea that the married woman did not appear in the presence of the notary who certified to the acknowledgment as having been made by the married woman 'before' the notary, the decree is reversed and the cause is remanded for appropriate proceedings."

It appears from the record before us that the chancellor conceived the law to be that the testimony of the interested husband and wife could not be considered sufficient in law to overcome the certificate of acknowledgment appearing upon the mortgage and, therefore, that the presumption of the validity and regularity of the certificate was not overcome. It will be seen from the opinion in the case of McEwen *et ux.*, v. Schench, *supra,* that where an acknowledgment such as is here under consideration is challenged there is a difference between the requirements as to proof in a case where it is alleged that no acknowledgment was taken by the officer purporting to take the acknowledgment and that, therefore, the officer was without jurisdiction to make the certificate, and that which is required in a case

where some acknowledgment was taken before the officer and he therefore, had jurisdiction to take the acknowledgment. See also Flowers v. Schenck, opinion filed May 17, 1933.

For the reasons stated, the decree appealed from is reversed and the cause remanded for further proceedings not inconsistent with this opinion. It is so ordered.

Reversed and remanded.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL and BROWN, J. J., concur.