THE EVERGLADES CYPRESS COMPANY, *et al.,* v. JOHN PORTER TYNER, *et ux.,* and M. A. SMITH, as Liquidator of the Citizens Bank of Plant City.

160 So. 513.
Division B.
Opinion Filed April 5, 1935.

*George P. Garrett,* for Appellants;
*Cassels & Trinkle,* for Appellees.

BUFORD, J.—The appeal here is from an order overruling a motion to dismiss answer and counterclaim.

The bill of complaint alleges that on December 10, 1929, the defendants, John Porter Tyner and his wife, Ruth Dunn Tyner, were indebted to Miriam Mays Lee in the sum of $1,948.70 and executed to Mrs. Lee their 49 promissory notes dated December 10, 1929. The first of these notes was due January 10, 1930, and one each month thereafter unti January 10, 1934. A mortgage was executed by the Tyners to secure the payment of the notes. None of the notes, nor any interest thereon, was paid.

44

It is alleged that after the execution of the mortgage Miriam Mays Lee and her husband, W. E. Lee, executed an assignment o fthe notes to the Everglades Cypress Company on September 4, 1932, and thereafter confirmed the assignment by an additional assignment on March 18, 1934.

The answer and counterclaim denies that the defendants Tyner were ever indebted to Miriam Mays Lee in any sum whatever, but admits the making of the forty-nine (49) promissory notes referred to; that the defendants are without knowledge as to the endorsement of the notes to Everglades Cypress Company but alleges that if the said notes were endorsed that the endorsement was made while the notes were in default and alleges that the Everglades Cypress Company was not a *bona fide* purchaser.

The answer of the counterclaim further alleges that on December 10, 1929, John Porter Tyner was the owner of the land described in the bill and that the property was the homestead of John Porter Tyner, who was a married man and the head of a family residing on said property. It is alleged that the defendants signed the mortgage but denied that anyone witnessed the signatures of the defendants or that they appeared before a Notary Public for the purpose of making acknowledgment and that the certificate of the Notary Public is false and untrue and that neither of the defendants appeared before a Notary Public; that no separate examination was made of the defendant, Ruth Dunn Tyner, for the purpose of relinquishment of her dower in the homestead.

They further allege that in 1919 Sarah E. Jenkins who was then owner of the property involved entered into a contract to convey the same to one Vernon W. Gallagher. In 1921 Gallagher assigned the contract to W. E. Lee and one C. E. Barnes. That by virtue of that transaction Lee and

Barnes became obligated to pay the purchase price of said property to Sarah E. Jenkins. In 1920 Lee and Barnes sold the property to John Porter Tyner and his brother, Bun S. Tyler. At the time of the purchase the property was leased for the period of one year at a rental of $50.00 per month and that the rentals were applied on the purchase price due to Lee and Barnes. That as soon as the lease expired John Porter Tyner and his wife, Ruth Dunn Tyner, moved on the property and they have continuously lived and resided on same as their home since that date. That in 1922 John Porter Tyner purchased the interest of Bun S. Tyner in the contract but no formal assignment was made to John Porter Tyner. During the year 1922 Lee purchased all the interest of Barnes in the contract of sale and thereafter was the sole owner and holder of the contract of sale made by Lee and Barnes to John Porter Tyner and Bun S. Tyner. That at the time of the purchase of the property from Lee and Barnes, Tyner was in the employ of Lee and thereafter continued in his employ until May, 1929. At the time Lee acquired the interest of Barnes in the contract in 1922 the balance of the purchase price of the property was changed to John Porter Tyner on the books of Lee and thereupon the notes executed by John Porter Tyner to Lee and Barnes were cancelled and should have been delivered to John Porter Tyner as having been paid. That thereafter when the notes executed by Gallagher to Sarah E. Jenkins became due Lee paid the same and charged the account of John Porter Tyner with the sum thereof. That in 1922, and at all subsequent times, while Tyner was in the employ of Lee he worked on a salary and for commission and had a credit account with Lee for commissions earned and labor performed and from time to time Lee deducted from the salary and commission due Tyner certain

amounts which he credited upon the balance of the pur-
chase price of the land and that this continued until May,
1929, when all of the purchase price had been paid, as is
shown by the books of Lee. That although Lee was re-
quired under the terms of his contract to execute a con-
veyance to John Porter Tyner when the purchase price was
paid, he was unable to fulfill his agreement because he had
not paid Sarah E. Jenkins the balance of the purchase price
he owed her on the property. That sometime in 1928 Sarah
E. Jenkins, who by marriage had become Sarah E. Weeks,
instituted a suit in the Circuit Court of Hillsborough County
against Lee, Tyners, Gallagher and the heirs of C. E. Barnes
and various judgment creditors of Lee for the purpose of
foreclosing the contract of sale. Shortly after the suit was
instituted, and while the suit was pending, Lee promised
John Porter Tyner and his wife that he would obtain the
necessary money and pay off the balance due to Mrs. Weeks
so he could make a good and sufficient warranty deed to the
Tyners, but he did not do so. That shortly prior to the
foreclosure sale Lee advised the Tyners that he would buy
the property in at foreclosure and pay Mrs. Weeks the
money due her and would then convey the property to John
Porter Tyner and Ruth Dunn Tyner, his wife. That a
sale was had and the property was bid in by Lee but he
could not make good his bid because he did not have the
money with which to do so. Whereupon he represented
to the Tyners that it was impossible for him to raise the
money, but that if defendants would give them a mort-
gage on the property for the amount due Mrs. Weeks that
he could immediately negotiate and sell the mortgage and
obtain the money to pay Mrs. Weeks and promised that he
would pay off the mortgage and the notes to the party to
whom he would negotiate the same and that as soon as he

had obtained same back in his possession he would deliver and cancel the notes and mortgage and execute a satisfaction of the mortgage to them. Whereupon the Tyners executed the mortgage and notes which were made payable to Miriam Mays Lee, wife of W. E. Lee. That they were not indebted to Miriam Lee or to W. E. Lee, in any sum whatever, and upon the money being obtained by Lee he had the Master convey the property to Miriam Mays Lee and Miriam Mays Lee conveyed the property to John Porter Tyner. That immediately after the notes and mortgage were delivered to Lee he negotiated same to one T. M. Jones and obtained the money with which to pay his bid for the property. That afterwards Lee paid Jones the amount of the notes and mortgage. Thereupon the Tyners became entitled to a satisfaction of the same and a cancellation of the mortgage.

As above stated, they also alleged that the mortgage was not signed in the presence of witnesses and neither did either of the parties who signed the mortgage appear before a Notary Public for the purpose of making an acknowledgment and that no acknowledgment of execution of the mortgage was made by either of them before a Notary Public.

The counterclaim prays for discovery of accounts kept by Lee and that the Everglade Cypress Company be held to be a purchaser with notice and not a *bona fide* purchaser for value without notice and that it be required to deliver up and cancel the notes and mortgage.

Motion to dismiss the answer and counterclaim was denied.

The allegations of the answer, that the mortgage was not executed in the presence of subscribing witnesses and that neither of the parties appeared before a Notary Public for the purpose of making an acknowledgment and that the

certificate of the Notary Public in that regard was false and untrue constitutes a good defense to the foreclosure suit. See McEwen v. Schenck, 108 Fla. 119, 146 Sou. 839; Flowers v. Schenck, 110 Fla. 256, 148 Sou. 581; Murphy v. Duncan, 111 Fla. 548, 149 Sou. 594; Oates v. New York Life Ins. Co., 113 Fla. 678, 152 Sou. 671.

The facts alleged in the counterclaim constitute a sufficient defense against the foreclosure of the mortgage in the hands of the mortgagee and, under the state of facts, if the mortgagee still held the mortgage, the defendants Tyners would be entitled to a cancellation and satisfaction of the mortgage, even if it had been properly executed, and if the Everglade Cypress Company took the mortgage and notes when a large portion of the notes were past due and unpaid, it took same with notice of any infirmities existing which would constitute a defense as between the Tyners and the original mortgagee.

These allegations would have been sufficient to constitute a basis for an original bill by the Tyners against the loss for the cancellation of the mortgage. Therefore, there was no error in the order denying the motion to dismiss and the same should be affirmed.

It is so ordered.

Affirmed.

Ellis, P. J., and Terrell, J., concur.

Whitfield, C. J., and Brown and Davis, J. J., concur in the opinion and judgment.