610 So.2d 65 (1992)
James D. CRAGO, Appellant,
v.
CITIBANK, FEDERAL SAVINGS BANK f/k/a Citicorp Savings of Florida, a Federal Savings and Loan Association, Appellee.
No. 91-1423.
District Court of Appeal of Florida, Fourth District.
December 9, 1992.
Rehearing Denied January 14, 1993.
Steven C. Kohl, Fort Lauderdale, for appellant.
James M. Fishman of Fried, Slachter and Fishman, P.A., Miami, for appellee.
PER CURIAM.
Appellant, James D. Crago (Crago), seeks reversal of a final summary judgment entered in favor of appellee, Citibank F.S.B. (Citibank), in a suit to foreclose a mortgage. It is Crago's contention that the trial court erred in granting the summary judgment because there were genuine issues of fact existing in the cause.
The factual background appears to be that Crago and his wife owned a home in Broward County as an estate by the entireties. During 1988 they became involved in a suit to dissolve their marriage, which case has remained pending as recently as March, 1992, according to Crago's main brief. In March, 1988, Maria Crago came to Crago's office armed with a quitclaim deed to the marital home and a one-page handwritten property settlement agreement and insisted on Crago's signing them. She allegedly put on a performance, yelling *66 and cursing Crago and threatening to continue doing so until he complied. She also threatened to have him institutionalized for drug addiction. In order to terminate this scene, which took place in front of his office staff and carried over into a bank next door, Crago signed both instruments. Thereafter, Maria commenced a dissolution action and, in August 1988, Crago filed a pleading in the dissolution case styled Motion for Immediate Reconveyance of Property, in which he prayed for a determination that the conveyance of the home and the property settlement agreement were executed under duress and thus void.
Maria Crago conveyed the home to Richard Kinlock in April 1989, subject to a purchase money mortgage. Appellee, Citibank, financed the purchase for Kinlock and took back a mortgage to which Maria subordinated her mortgage. Kinlock failed to make the mortgage payments and Citibank instituted this suit to foreclose, naming as defendants Kinlock, Maria Crago, and appellant, James Crago. All defendants, except James Crago, defaulted and the case proceeded against him alone.
The amended complaint filed by Citibank references James Crago as having filed an affidavit in the public records of Broward County on March 13, 1989. The allegation goes on to state that "As a result said James D. Crago may claim some interest in the subject property," which is inferior to Citibank's mortgage. Crago responded to the amended complaint with an answer denying the superiority of Citibank's mortgage over his claim and several affirmative defenses in which he claims Citibank participated with Maria and Kinlock in a conspiracy to defraud Crago out of his claimed interest in the property. Furthermore, Crago alleged Citibank had actual and constructive knowledge of his claim at the time the mortgage was entered into. Crago also counterclaimed to quiet his title to the property against Citibank and, in a further count, which was ultimately stricken, he charged the bank with fraud.
Citibank filed a motion for summary judgment, which alleged:
10. The pleadings and exhibits filed herein, as well as Plaintiff's Affidavit in support hereof, establish that Plaintiff's Mortgage was recorded prior to the recording of the instruments creating the lien in favor of those Defendants who claim an interest in the real property encumbered by the Mortgage. Therefore, any such interest which may be vested in the aforesaid Defendants is subordinate and inferior to the lien of Plaintiff's Mortgage.
Crago answered said motion for summary judgment by filing a response in which he argues his various pleadings, raising the issue which he contends still exists. Based upon said pleadings and exhibits attached thereto and Citibank's affidavits in support of its motion for summary judgment, the trial court granted the summary final judgment under review.
The sole issue presented on appeal is whether the trial court erred in granting summary judgment of foreclosure when the evidence in the case demonstrated there was a genuine issue of material fact regarding the legitimacy of the original mortgage. We believe there was a genuine issue of fact existing concerning the validity of the conveyance from Crago to his wife based upon Crago's claim of duress, as well, possibly, as the claim of conspiracy regarding the placement of the mortgage.
Crago's answer and affirmative defenses clearly set forth his claim that the wife's title was defective because it was obtained under duress. Various instruments in the record reflect sworn evidence upon which Crago relied to prove the truth of that claim, including witnesses to the tirade relied upon. Thus, the record contains uncontradicted proof that Crago signed the deed and agreement because his wife accosted him in his office and in a neighboring business establishment in the presence of co-workers and strangers, yelling and screaming obscenities at him and threatening to have him committed to an institution as an addict. This performance allegedly lasted over an hour, in which the wife also vowed to continue haranguing him until he signed the papers. In the face of this array of pleadings and proof, Citibank rather *67 cavalierly mentioned the defendant Crago in the amended complaint as having filed an affidavit in the public records and, as a result, of possibly claiming some interest in the subject property that is inferior to Citibank's mortgage. Citibank responded to the aforementioned defenses with a denial and answered the quiet title counterclaim with a simple denial that Crago had any interest in the property. Finally, the only additional proof adduced by Citibank in support of the motion for summary judgment was affidavits as to attorney's fees, costs and a "Proof of Claim," which was a routine affidavit proving up the mortgage debt and expenses. There is no sworn proof presented by Citibank as the movant to wipe out any paper issues raised by Crago. This is virtually conceded by Citibank. It takes the position that Crago's claim of invalidity of the deed, based on duress, was insufficient as a matter of law, and thus the bank was not required to take any affirmative steps to demonstrate that the affirmative defense was inadequate.
"Duress" has been defined in Cooper v. Cooper, 69 So.2d 881, 883 (Fla. 1st DCA 1954), quoting from Herald v. Hardin, 95 Fla. 889, 116 So. 863 (1928), as follows:
Duress is a condition of mind produced by an improper external pressure or influence that practically destroys the free agency of a party and causes him to do an act or make a contract not of his own volition.
Another more general definition is found in 20 Fla.Jur.2d, Duress and Undue Influence, 324:
Duress has been defined as any wrongful act of one person that compels a manifestation of apparent assent by a second person to a transaction without the second person's volition, or as compulsion or restraint by which a person is illegally forced to do, or forbear from doing, some act.
We disagree with Citibank's position regarding the sufficiency of Crago's pleading as creating an issue of fact, and hold that it is sufficient on motion for summary judgment to constitute a fact issue precluding summary disposal via summary judgment. As a cautionary note, we point out that we are here dealing solely with the propriety of granting a summary judgment. Our holding should not be considered as a ruling on, or indication of, the factual validity of Crago's claim of duress or any other defense.
Accordingly, we reverse the judgment appealed from and remand the cause for further proceedings.
GLICKSTEIN, C.J., and DOWNEY and POLEN JJ., concur.